**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN L. JACKSON,<br><br>　　　　　　Petitioner,<br>　v.<br><br>THE STATE OF NEVADA, et al.,<br><br>　　　　　　Respondents. | Case No. 3:21-cv-00035-HDM-WGC<br><br>**ORDER** |

　　*Pro se* Petitioner John L. Jackson, a Nevada state prisoner, initiated this habeas corpus action with a Motion to Correct Illegal Sentence and Motion for Appointment of Counsel. (ECF Nos. 1-2, 1-3.) Currently before the Court is Jackson's Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1).[1]

　　A $5.00 filing fee is required to initiate a habeas action in a federal district court. 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees. The court may authorize a person to begin an action without prepaying fees and costs if the person demonstrates indigency. 28 U.S.C. § 1915; LSR 1-1, 1-2. The IFP application must be submitted on a form provided by the court and include specific financial information and a declaration confirming under the penalty of perjury that the financial information is true. *Id.*

　　Here, Jackson's IFP application and supporting documents show he is able to pay the $5 filing fee. Thus, he does not qualify for a fee waiver. The Court therefore denies the IFP application and

---

[1] The initial screening under the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule(s)") and consideration of Jackson's motions are deferred to until such time as he has fully complied with this order.

1

gives Jackson until March 8, 2021, to pay the $5 filing fee.

In addition, two errors require Jackson to amend his pleading. First, Jackson filed a "motion to correct illegal sentence." However, he is in custody pursuant to a state court judgment of conviction, so the only proper basis for his claims is 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1005-07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc). A state prisoner proceeding *pro se* is required to file his petition for writ of habeas corpus under 28 U.S.C. § 2254 on the court's approved form. *See* LSR 3-1; Habeas Rule 2(d). The form is important as it provides the Court with necessary information to conduct a preliminary review. Jackson must therefore file an amended petition on the § 2254 form.

Second, Jackson has not named a proper respondent. He named the State of Nevada as the respondent, but that is incorrect. Habeas Rule 2(a) states that, when a petitioner is "in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."[2] Failure to name the proper respondent strips the district court of personal jurisdiction. *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). As such, Jackson is instructed to file an amended petition naming the correct respondent.

If Jackson chooses to file an amended petition, he is advised to carefully follow the instructions on the form. The Habeas Rules

---

[2] This is typically the warden of the prison or detention facility. However, the Court expresses no opinion as to the proper respondent here. *Cf.* Habeas Rule 2(b), Advisory Committee Note to 1976 Adoption.

require that a petition: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner. *See* Habeas Rule 2(c). The amended petition should set forth the claims in short and plain terms, simply, concisely, and directly. This means Jackson should avoid lengthy legal and factual argument as well as excessive citations to case law. Instead, for each claim he should summarize the information he believes to be relevant in his own words and specifically identify what constitutional right he believes was violated.

**IT IS THEREFORE ORDERED:**

1. Petitioner John L. Jackson's Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED.
2. The Clerk of Court is instructed to send Jackson (i) *two* copies of this order, and (ii) *two* copies of the form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Jackson must make the necessary arrangements to have a copy of this order attached to the check for the filing fee.
3. **By March 8, 2021**, Jackson must (i) pay the $5.00 filing fee, and (ii) file an amended petition that corrects the noted deficiencies.
4. Jackson must clearly title the amended petition as such by writing the words "FIRST AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on the first page and including 3:21-cv-0035-HDM-

WGC in the space for the case number ("CASE NO.").

5. The initial screening of Jackson's petition under the Habeas Rules and consideration of his motions are deferred until such time as he has fully complied with this order.

6. If Jackson fails to comply with this order by the March 8, 2021 deadline, this case will be dismissed without prejudice and without further advance notice.

DATED: this 25th day of January 2021.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE